IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CIVIL NO. 10-00535 SOM/RLP |
|---|---|---|
| Plaintiff, | ) ) | ORDER GRANTING PLAINTIFF |
| | ) | UNITED STATES OF AMERICA'S |
| vs. | ) | MOTION FOR SUMMARY JUDGMENT, |
| | ) | INTERLOCUTORY DECREE OF |
| ALFRED R. PEREZ; ISLAND | ) | FORECLOSURE, AND DEFICIENCY |
| COMMUNITY LENDING | ) | JUDGMENT |
| CORPORATION; HAWAII FIRST | ) | |
| FEDERAL CREDIT UNION; HICKAM | ) | |
| FEDERAL CREDIT UNION; | ) | |
| COUNTRYWIDE HOME LOANS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING PLAINTIFF UNITED STATES OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT, INTERLOCUTORY
DECREE OF FORECLOSURE, AND DEFICIENCY JUDGMENT

This foreclosure action is based on a mortgage executed by Defendant Alfred R. Perez on property located at 5246 Kalae Place, in Kamuela, Hawaii, Tax Map Key No. (3) 6-4-025-030 (CPR 0002). Plaintiff United States of America (the "Government"), on behalf of noteholder and mortgage assignee Department of Veterans Affairs (the "VA"), has moved for an interlocutory decree of foreclosure and deficiency judgment against Perez. The court finds that a hearing on this matter is neither necessary nor appropriate. See LR7.2(d). For the reasons set forth in this order, the court GRANTS the Government's motion for summary judgment.

I.       FACTUAL AND PROCEDURAL BACKGROUND.

On or about December 13, 2000, Perez executed and delivered a mortgage and note in favor of Island Community Lending Corporation in the amount of $202,980.00. Pl.'s Concise Stmt. Mat'l Facts Supp. Mot. Summ. J., Interlocutory Decree of Foreclosure, & Deficiency J. ("Facts") No. 2; see also Aff. Keith Hendricks ("Hendricks Aff.") ¶ 3 & Exh. A (Mortgage Note). The loan carried an interest rate of 7.875 percent per year. Hendricks Aff. Exh. A. The 30-year note provided for monthly payments of $1,471.75, commencing on February 1, 2001, with a final payment due on January 1, 2031. Id. To provide security on the note, Perez executed a mortgage in favor of Island Community Lending Corporation, dated December 18, 2000. Fact No. 3; see Hendricks Aff. ¶ 4 & Exh. B. The mortgage was recorded on December 22, 2000, in the Bureau of Conveyances for the State of Hawaii as Document No. 2000-179967. Id.

The mortgage was ultimately assigned to the Secretary of Veterans Affairs through an assignment of mortgage, recorded on January 19, 2005, in the Bureau of Conveyances as Document No. 2005-010738. See Fact No. 4; Hendricks Aff. ¶ 5 & Exhs. C-D.

On or about March 11, 2005, Perez entered into a mortgage modification agreement with the VA. Fact No. 5; Hendricks Aff. ¶ 6 & Exh. E. The mortgage modification agreement was recorded on March 22, 2005, in the Bureau of Conveyances as

Document No. 2005-056423.  <u>Id.</u>  Under the mortgage modification agreement, Perez promised to pay the total amount of indebtedness at that time, $208,084.75, together with interest at the rate of 4 percent per year.  Hendricks Aff. Exh. E.  Perez's monthly payment was set at $993.43, beginning on April 1, 2005, with a final payment due on March 1, 2035.  <u>See</u> <u>id.</u>

On or about March 31, 2010, the VA sent Perez a letter notifying him of his default and providing him with two alternatives in lieu of foreclosure.  <u>See</u> Fact No. 7; Hendricks Aff. ¶ 8 & Exh. F.  These options were (1) a private sale of the property, and (2) voluntary conveyance of title of the property to the VA.  <u>See</u> Hendricks Aff. Exh. F.  The letter informed Perez that the VA planned to refer the account to the U.S. Attorney's Office shortly to commence foreclosure.  <u>See</u> <u>id.</u>

Perez was still in default as of May 10, 2011, shortly before the Government filed its Motion.  Hendricks Aff. ¶ 11.  According to a statement provided by the Government, as of April 25, 2011, the amounts due and owing were as follows:

```
Principal Balance:              $190,961.12
Interest to 4/25/11:              15,142.67
Uncollected Late Charges:            178.30
Escrow Balance Due:               18,595.13
TOTAL:                          $224.877.22
```

Fact No. 12; Hendricks Aff. ¶ 9 & Exh. 1.  The daily interest is $20.9272.  Hendricks Aff. Exh. 1.

On September 17, 2010, the United States filed its Complaint against Perez, naming also Island Community Lending Corporation, Hawaii First Federal Credit Union ("Hawaii First"), Hickam Federal Credit Union, and Countrywide Home Loans, Inc. ECF No. 1. Hawaii First answered the Complaint and filed a counterclaim and cross-claim, but did not dispute the existence or terms of the VA mortgage, note, or mortgage modification agreement at issue here. See ECF No. 9. Perez failed to appear, and the Clerk of Court entered default against him on January 24, 2011. ECF No. 16. The other named Defendants, Island Community Lending Corporation, Hickam Federal Credit Union, and Countrywide Home Loans, Inc., were voluntarily dismissed from this action. ECF Nos. 4, 5, 20.

II.     STANDARD.

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court "the portions of the materials on file that it believes demonstrate the absence of any genuine issue of

material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. Catrett, 477 U.S. 317, 323 (1986)); accord Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006). "A fact is material if it could affect the outcome of the suit under the governing substantive law." Miller, 454 F.3d at 987.

When the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." Id. The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial. See Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir. 1999). On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Miller, 454 F.3d at 988 (quotations and brackets omitted).

Summary judgment may also be appropriate when a mixed question of fact and law involves undisputed underlying facts. See EEOC v. UPS, 424 F.3d 1060, 1068 (9th Cir. 2005); Colacurcio v. City of Kent, 163 F.3d 545, 549 (9th Cir. 1998).

III.    ANALYSIS.

In general, there is no federal foreclosure law; rather, state law serves as the law of decision in foreclosure

actions. See Whitehead v. Derwinski, 904 F.2d 1362, 1371 (9th Cir. 1990), overruled on other grounds by Carter v. Derwinski, 987 F.2d 611 (9th Cir. 1993); see also In re Morris, 204 B.R. 783, 785 (Bankr. N.D. Ala. 1996) ("[t]here is no federal foreclosure law").

Under Hawaii law, a court may issue a foreclosure decree when the moving party establishes all four of the following: (1) the existence of a promissory note, mortgage, or other debt agreement; (2) the terms of the promissory note, mortgage, or other debt agreement; (3) default by the borrower under the terms of the promissory note, mortgage, or other debt agreement; and (4) the giving of the cancellation notice and recordation of an affidavit to such effect. See IndyMac Bank v. Miguel, 117 Haw. 506, 520, 184 P.3d 821, 835 (Ct. App. 2008) (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (Ct. App. 1982)). The party seeking to foreclose must provide evidence of default, but need not determine a sum certain before obtaining a decree of foreclosure. Miguel, 117 Haw. at 520, 184 P.2d at 835 (citing Anderson, 3 Haw. App. at 549, 654 P.2d at 1374).

Because Perez has failed to appear in the case, neither answering the Complaint nor filing any opposition to the present motion, he has foregone any ability he may have had to dispute the facts underlying the action. Cf. Miller, 454 F.3d at 987

(once moving party meets its burden on summary judgment, the burden shifts to nonmoving party to present evidence beyond the pleadings demonstrating an issue of material fact). Hawaii First, the only Defendant that has appeared in this action, filed a statement of no opposition on June 27, 2011. ECF No. 30. Accordingly, the court reviews the evidence produced by the Government to determine if it is sufficient to establish that the Government is entitled to judgment as a matter of law.

First, the Government has shown the existence and terms of the note, mortgage, and mortgage modification agreement. See Hendricks Aff. ¶¶ 3-4, 6 & Exhs. A-B, E. Under the terms of the December 13, 2000, note and mortgage, Perez agreed to a 30-year loan of $202,980, at 7.875 percent interest. Hendricks Aff. Exhs. A-B. Perez was required to make monthly principal and interest payments of $1,471.75, commencing on February 1, 2001, with the final payment due on January 1, 2031. See id. Likewise, under the terms of the March 11, 2005 modification agreement, Perez agreed to a 30-year loan of $208,084.75 at 4 percent interest. Id. Exh. E. Perez was required to make monthly principal and interest payments of $993.43. See id. The court finds that the existence and terms of the note, mortgage, and modification agreement are sufficiently proven, and the Government is entitled to judgment as a matter of law with respect to the first two Anderson elements.

7

The Government has also produced evidence that Perez defaulted on the loan and modification agreement.  As of May 10, 2011, Perez remained in default under the terms of the modification agreement.  See Hendricks Aff. ¶ 11.

Finally, the Government has satisfied <u>Anderson</u>'s requirement that Perez be notified of the cancellation of his loan.  On March 31, 2010, after Perez became delinquent in his payments, the VA notified Perez that he was in default and that the VA was requiring "full reinstatement funds" to avoid foreclosure.  Hendricks Aff. Exh. F.

Accordingly, the court finds that the Government has produced evidence sufficient to establish its right to judgment as a matter of law with respect to each of the four <u>Anderson</u> elements.  Perez, for his part, has failed to "set forth specific facts showing that there is a genuine issue" of material fact.  This court therefore finds that summary judgment is appropriate.  <u>Miller</u>, 454 F.3d at 987.

IV.     <u>CONCLUSION.</u>

For the reasons set forth above, the court GRANTS the Government's Motion for Summary Judgment, Interlocutory Decree of Foreclosure, and Deficiency Judgment.  The amount of the deficiency judgment does not need to be established at this time, however, as such sum can only be determined after sale of the property.  See <u>Anderson</u>, 3 Haw. App. at 552, 654 P.2d at 1375-76.

The United States is ordered to submit, no later than July 14, 2011, a proposed foreclosure decree, leaving the name of the foreclosure Commissioner blank.  Fees are to be set at no more than $150 per hour, with an overall cap of $4,000, in accordance with prevailing rates in Hawaii.  Resumes of at least three proposed Commissioners should be submitted to the court by the same date.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, July 1, 2011.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Perez; Civil No. 10-00535 SOM/RLP; ORDER GRANTING PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT, INTERLOCUTORY DECREE OF FORECLOSURE, AND DEFICIENCY JUDGMENT.