IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 10-00535 SOM RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS OF FACT, CONCLUSIONS |
| | ) | OF LAW AND ORDER GRANTING |
| vs. | ) | INTERLOCUTORY DECREE OF |
| | ) | FORECLOSURE AND DEFICIENCY |
| ALFRED R. PEREZ, ET AL., | ) | JUDGMENT; EXHIBIT A |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING INTERLOCUTORY DECREE OF FORECLOSURE AND DEFICIENCY JUDGMENT

Plaintiff United States of America filed a Motion for Summary Judgment, Interlocutory Decree of Foreclosure, and Deficiency Judgment (the "Motion") against the named defendants on May 13, 2011. Prior to the filing of the Motion, Defendants Island Community Lending corporation, Hickam Federal Credit Union, and Countrywide Home Loans, Inc. were voluntarily dismissed from this action. Defendant Hawaii First, did not dispute the existence or terms of the VA's Mortgage Note, Mortgage, or Mortgage Modification Agreement, and filed a Statement of No Opposition to the United States' Motion. Defendant Perez failed to appear, and the Clerk of the Court entered default against him on January 24, 2011. Pursuant to Local Rule 7.2(d), and in its discretion, the Court granted the Motion without a hearing on July 1, 2011.

The Court, having considered the record herein, finds as follows:

## FINDINGS OF FACT

1. This is a civil action brought by Plaintiff UNITED STATES OF AMERICA ("Plaintiff" or the "United States") on behalf of note holder and mortgage assignee Department of Veterans Affairs (the "VA"), seeking monetary judgment against Defendant ALFRED R. PEREZ ("Defendant Perez"), on a Mortgage Note, Mortgage, and Mortgage Modification Agreement. The property at issue in this foreclosure action is located at 5246 Kalae Place, in Kamuela, Hawaii, Tax Map Key No. (3) 6-4-025-030 (CPR 0002).

2. Jurisdiction over this action is based on Title 28, United States Code.

3. On or about December 13, 2011, Defendant Perez executed and delivered a Mortgage Note in favor of Island Community Lending Corporation in the amount of $202,980.00.

4. For the purpose of providing further security of payment of said Mortgage Note, Defendant Perez executed a Mortgage in favor of Island Community Lending Corporation, dated December 18, 2000, and filed in the Bureau of Conveyances for the State of Hawaii as Document No. 2000-179967.

5. The Mortgage was ultimately assigned to the Secretary of Veterans Affairs through an assignment of mortgage,

recorded on January 19, 2005, in the Bureau of Conveyances for the State of Hawaii as Document No. 2005-010738.

6. On or about March 11, 2005, Defendant Perez entered into a mortgage modification agreement with the VA, which was recorded on March 22, 2005, in the Bureau of Conveyances for the State of Hawaii as Document No. 2005-056423.

7. On or about March 31, 2010, after Defendant Perez defaulted in the payment under th terms of the Mortgage Note, Mortgage, and Mortgage Modification Agreement, the VA notified Defendant Perez of his default and provided Defendant Perez with two alternatives in lieu of foreclosure.

8. As of May 10, 2011, Defendant was still in default under the terms of the Mortgage Note, Mortgage, and mortgage Modification Agreement, all of which are held by Plaintiff.

9. Pursuant to the terms of the Mortgage Note, Mortgage, and Mortgage Modification Agreement, the entire remaining principal and interest thereon are due and payable together with costs, expenses, and late fees, all fo which are secured by the Mortgage Note, Mortgage, and Mortgage Modification Agreement. As of April 25, 2011, the amounts due and owing were as follows:

| | |
|---|---:|
| Principal Balance: | $190,961.12 |
| Interest to 04/25/11: | 15,142.67 |
| Uncollected Late Charges: | 178.30 |
| Escrow Balance Due: | 18,595.13 |
| TOTAL: | $224,877.22 |

Plus interest at the daily rate of $20.9272 from April 25, 2011, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

CONCLUSIONS OF LAW

Pursuant to the foregoing Findings of Fact, the Court concludes as follows:

1. Plaintiff is entitled to have its Mortgage foreclosed upon the property covered by the Mortgage and described in Exhibit "A" and to have the property sold in a manner authorized by law, said Mortgages being a valid, subsisting and outstanding mortgage upon the property.

2. As of April 25, 2011, the amounts due and owing were as follows:

```
Principal Balance:         $190,961.12
Interest to 04/25/11:        15,142.67
Uncollected Late Charges:       178.30
Escrow Balance Due:          18,595.13
TOTAL:                     $224,877.22
```

Plus interest at the daily rate of $20.9272 from April 25, 2011, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

## ORDER GRANTING INTERLOCUTORY DECREE OF FORECLOSURE AND DEFICIENCY JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. That Plaintiff's Motion for Interlocutory Decree of Foreclosure and Deficiency judgment filed herein on May 13, 2011, is hereby granted.

2. Defendant Perez is in default under the terms of said Mortgage Note, Mortgage, and Mortgage Modification Agreement described in the United States' Complaint, which Mortgage Note, Mortgage, and Mortgage modification Agreement are currently held by the United States. There was due and owing and unpaid to Plaintiff from Defendant Perez, as of April 25, 2011, the following amounts:

| | |
|---|---:|
| Principal Balance: | $190,961.12 |
| Interest to 04/25/11: | 15,142.67 |
| Uncollected Late Charges: | 178.30 |
| <u>Escrow Balance Due:</u> | <u>18,595.13</u> |
| TOTAL: | $224,877.22 |

Plus interest at the daily rate of $20.9272 from April 25, 2011, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

3. The Mortgage described above and currently held by Plaintiff shall be and is hereby foreclosed as prayed, and the property described in Exhibit "A" shall be sold at public auction, without an upset price, as authorized by law and under the provision of the mortgage. Such sale of the mortgaged

property shall not be final until approved and confirmed by the Court.

   4.  The Commissioner as appointed herein by the court is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale, and to sell the Subject Property, free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties, within four (4) months after the Commissioner is appointed as Commissioner.

   5.  Daniel S. Peters, Esq., whose address is 75-5875 Kahakai Road, Kailua-Kona, Hawaii, 96740, and whose telephone number is (808) 331-1199, is hereby appointed by this Court as Commissioner and as Commissioner shall henceforth hold an equitable and legal title to property, and is hereby authorized to take possession of the property, to rent the property, if appropriate, to sell the property on foreclosure sale to the highest bidder at the Commissioner's sale by public auction, without an upset price, after first giving notice of such sale by publication in at least one newspaper regularly issued and of general circulation in the county wherein the realty is situated in the State of Hawaii, or in the District of Hawaii. Said notice shall be published once a week for at least four (4) consecutive weeks, with the auction to take place no sooner than fourteen (14) days after the publication of the fourth

advertisement.  Said notice shall give the date, time, and place of the sale and an intelligible description of the Subject Property, including any improvements.  The Commissioner shall have further authority to continue the sale from time to time at the Commissioner's discretion.  In the event that the Commissioner refuses, or becomes unable, to carry out his duties set forth herein, the Court shall appoint another without further notice of hearing.

      6.    The Commissioner and all persons occupying the mortgaged property, if any, shall allow reasonable access to view the mortgaged property, a minimum of two separate days prior to the sale of the Subject Property, by means of an open house or other reasonable means.

      7.    The Commissioner shall sell the Subject Property by foreclosure sale in its "AS IS" condition, without any representations or warranties whatsoever as to title or possession.

      8.    The fee of the Commissioner shall be such as the Court deems just and reasonable, together with actual and necessary expenses incurred with the sale of the mortgaged property.  The Commissioner's hourly rate shall be no more than $150.00 per hour, with an overall cap of $4,000.00, in accordance with prevailing rates in Hawaii.

9. The Commissioner shall hold all proceeds of the sale of the mortgaged property to the credit of this cause subject to the directions of this Court. Upon payment according to such directions, the Commissioner shall file an accurate accounting of the Commissioner's receipts and expenses.

10. The order of distribution of the sale proceeds to the parties claiming an interest in the property shall be made in accordance with their respective priorities.

11. The sale so made and confirmed shall perpetually bar defendants herein named and all persons and parties claiming by, through or under them, except governmental authorities enforcing liens for unpaid real property taxes, from any and all right, title and interest in the mortgaged property or any part thereof. At a hearing to consider confirmation of the foreclosure sale, the Court shall hear proof of claims of any other parties, and shall determine the priority among the parties, and the final payment of the proceeds of the foreclosure sale shall be directed.

12. The United States and all other parties are hereby authorized to purchase the mortgaged property at the foreclosure sale. The successful bidder at the foreclosure sale shall be required at the time of such sale to make a down payment to the Commissioner in an amount not less than ten percent (10%) of the highest successful price bid, such payment to be in cash,

certified check or cashier's check, provided that Plaintiff may satisfy the down payment by way of offset up to the amount of its secured debt. The balance of the purchase price must be paid in full at the closing of the sale, which shall take place thirty-five (35) days after the entry of the order confirming the sale. Such payment is to be in cash, certified check or cashier's check, provided that should Plaintiff United States be the high bidder, it may satisfy the balance of the purchase price by way of offset up to the amount of its secured debt, as discussed above, as appropriate. Costs of conveyancing, including preparation of the conveyance document, conveyance tax, securing possession of the Subject Property, escrow services, and recording of such conveyance, shall be at the expense of the purchaser. If the bidder fails to fulfill this requirement, the down payment shall be forfeited and applied to cover the cost of sale, including the Commissioner's fee, with any amount remaining to be returned to the bidder.

13. Pending the sale of the mortgaged property, Defendant Perez shall take all reasonable steps necessary to preserve the mortgaged property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition. Defendant Perez shall not commit waste against the Subject Property, nor shall he cause or permit anyone else to do so. Defendant Perez shall not do anything that tends

to reduce the value or marketability of the Subject Property, nor shall he cause or permit anyone else to do so.  Defendant Perez shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall he cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and shall be punishable as such.

    14.  All persons occupying the subject  property, if any, shall leave and vacate the Subject Property permanently within sixty (60) days of the date of this Decree, each taking with them their personal property (but leaving all improvements, buildings, fixtures and appurtenances to the Subject Property). If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Decree, the Commissioner is authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons, including obtaining a judgment for possessions and a writ of possession.  If any person fails or refuses to remove his or her personal property from the premises by the time specified herein, any personal property remaining on the Subject Property thereafter shall be deemed forfeited and abandoned, and the

Commissioner is authorized to remove and dispose of such personal property in any manner the Commissioner sees fit, including sale, in which case the proceeds from such sale shall be applied first to the expenses of sale and the balance shall be paid into the Court for further distribution.

15. When the sale of the mortgaged property is confirmed by this Court, the State of Hawaii, the Hawaii State Land Court, and/or the Hawaii State Bureau of Conveyances shall permit the transfer of the mortgaged property to be reflected upon register of the title.

16. The sale can be supplemented with the practices and procedures in the State of Hawaii and Section 667 of the Hawaii Revised Statutes.

17. The Court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded herein.

18. At the hearing on confirmation herein above mentioned, if it appears that the proceeds of such sale shall be insufficient to pay all the amounts which are valid claims against Defendant Perez, and a deficiency exists, judgment shall be entered for such deficiency against Defendant Perez and in favor of the United States.

19. There being no just reason for delay, this shall be an express direction that this order shall be entered as a

judgment, pursuant to Rule 54(b), Federal Rules of Civil Procedure, as to all claims determined by this Order.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, July 19, 2011.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

USA v. Perez, Civil No. 10-00535 SOM/RLP
FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING INTERLOCUTORY DECREE OF FORECLOSURE AND DEFICIENCY JUDGMENT.

12